UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DENNIS HARMON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 2:15-cv-00112-WTL-MJD |
| ) | |
| BRIAN SMITH, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Dennis Harmon is a state prisoner who asserts that a disciplinary proceeding identified as No. ISF 15-02-0496, in which he was found guilty of violating prison rules through his unauthorized possession of personal information of a staff member, is tainted with constitutional error. The evidence favorable to the decision of the hearing officer is that on February 17, 2015 he used the name and identification number of inmate Jeffrey Ramage during a telephone conversation with the employee of a prison contractor. It was against prison rules for Harmon to be in possession of the PIN of inmate Ramage or of the telephone number of the employee, Melinda Arney. Brian Smith is the current Superintendent of the prison where Harmon is confined and is **substituted** as the respondent.

The pleadings and the expanded record show, however, that Harmon was provided with both the procedural and the substantive protections to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Harmon was given the opportunity to appear before the hearing officer on February 27, 2015 and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of the findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed. *See Wolff v. McDonnell,* 418 U.S. 539 (1974)(specifying procedural entitlements); *Superintendent v. Hill,* 472 U.S. 445, 454 (1985)(explaining that due process requires the decision of a hearing officer be supported by "some evidence").

Under the "some evidence" standard—"the narrowest judicial review we know"—our task is only to identify a modicum of evidence that supports the decisions. *United States v. Kizeart,* 505 F.3d 672, 675 (7th Cir. 2007); *see also Webb v. Anderson,* 224 F.3d 649, 651–52 (7th Cir. 2000). The evidence already summarized was sufficient to satisfy due process. *See Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."). Due process does not, moreover, require either a preponderance of the evidence in these circumstances or that the procedures and requirements of prison policies be satisfied. *See Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D.Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief).

Harmon claims that the hearing officer was not impartial, but the only basis for this claim is that Harmon is dissatisfied with the decision that was made. He invites the court to adopt this *post hoc* rationalization. On the contrary, federal courts employ an initial presumption that discipline hearing officers properly discharge their duties. *See Bracy v. Gramley,* 520 U.S. 899, 909 (1997); *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003) ("Adjudicators are entitled to a presumption of honesty and integrity."). This presumption can be overcome with "clear evidence to the contrary." *See United States v. Armstrong,* 517 U.S. 456, 464 (1996). Harmon has not met this burden. Providing constitutionally adequate procedural protections overcomes the hazard of arbitrariness which would otherwise violate due process. *Wolff,* 418 U.S. at 571.

Harmon also invites the court to permit him to introduce new evidence. Considering the very narrow scope of review which is authorized, that request is **denied** because, in reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Harmon's remaining claim is that it was error for the hearing to have been conducted without inmate Ramage being present. This claim does not entitle Harmon to the relief he seeks, however, because (1) his request for Ramage to be present was not made timely, *Sweeny v. Parke*, 113 F.3d 716, 720 (7th Cir. 1997), *overruled on other grounds by White v. Ind. Parole Bd.*, 266 F.3d 759, 765-66 (7th Cir. 2001), (2) the hearing officer did consider Ramage's written statement, and (3) Harmon has not shown that he was prejudiced by any error in Ramage not being present at the hearing to given his statement in person. *See Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003) (harmless error analysis applies to prison disciplinary hearings).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Harmon to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 3/29/16

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DENNIS HARMON
169361
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Electronically Registered Counsel